UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| MARY C.[1] | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:22-cv-0104-MJD-JPH |
| | ) | |
| KILOLO KIJAKAZI, Acting Commissioner of the Social Security Administration, | ) ) | |
| | ) | |
| Defendant. | ) | |

**ENTRY ON JUDICIAL REVIEW**

Claimant Mary C. requests judicial review of the final decision of the Commissioner of the Social Security Administration ("Commissioner") denying her application for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act ("the Act").  *See* 42 U.S.C. § 423(d).  For the reasons set forth below, the Court **AFFIRMS** the decision of the Commissioner.

**I. Background**

Claimant applied for DIB in July 2020, alleging an onset of disability as of August 1, 2018.  [Dkt. 9-5 at 4.]  The alleged onset date was later amended to March 18, 2019.  *Id.* at 9.  Claimant's application was denied initially and upon reconsideration, and a hearing was held before Administrative Law Judge Kevin Walker ("ALJ") on August 31, 2021.  [Dkt. 9-2 at 30.]  On October 13, 2021, ALJ Walker issued his determination that Claimant was not disabled.  *Id.*

---

[1] In an attempt to protect the privacy interest of claimants for Social Security benefits, consistent with the recommendation of the Court Administration and Case Management Committee of the Administrative Office of the United States Courts, the Southern District of Indiana has opted to use only the first name and last initial of non-governmental parties in its Social Security judicial review opinions.

at 16.  The Appeals Council then denied Claimant's request for review on January 18, 2022.  *Id.*
at 2.  Claimant timely filed her Complaint on March 16, 2022, seeking judicial review of the
ALJ's decision.  [Dkt. 1.]

## II. Legal Standards

To be eligible for benefits, a claimant must have a disability pursuant to  42 U.S.C. §
423.  Disability is defined as the "inability to engage in any substantial gainful activity by reason
of any medically determinable physical or mental impairment which can be expected to result in
death or which has lasted or can be expected to last for a continuous period of not less than 12
months." 42 U.S.C. § 423(d)(1)(A).  To determine whether a claimant is disabled, the
Commissioner, as represented by the ALJ, employs a sequential, five-step analysis: (1) if the
claimant is engaged in substantial gainful activity, she is not disabled; (2) if the claimant does
not have a "severe" impairment, one that significantly limits her ability to perform basic work
activities, she is not disabled; (3) if the claimant's impairment or combination of impairments
meets or medically equals any impairment appearing in the Listing of Impairments, 20 C.F.R. pt.
404, subpart P, App. 1, the claimant is disabled; (4) if the claimant is not found to be disabled at
step three, and is able to perform her past relevant work, she is not disabled; and (5) if the
claimant is not found to be disabled at step three, cannot perform her past relevant work, but can
perform certain other available work, she is not disabled.  20 C.F.R. § 404.1520.  Before
continuing to step four, the ALJ must assess the claimant's residual functional capacity ("RFC")
by "incorporat[ing] all of the claimant's limitations supported by the medical record." *Crump v.*
*Saul*, 932 F.3d 567, 570 (7th Cir. 2019).

In reviewing Claimant's appeal, the Court will reverse only "if the ALJ based the denial
of benefits on incorrect legal standards or less than substantial evidence." *Martin v. Saul*, 950

F.3d 369, 373 (7th Cir. 2020).  Thus, an ALJ's decision "will be upheld if supported by substantial evidence," which means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Jozefyk v. Berryhill*, 923 F.3d 492, 496 (7th Cir. 2019).

An ALJ need not address every piece of evidence but must provide a "logical bridge" between the evidence and his conclusions.  *Varga v. Colvin*, 794 F.3d 809, 813 (7th Cir. 2015). This Court may not reweigh the evidence, resolve conflicts, decide questions of credibility, or substitute its judgment for that of the ALJ.  *Burmester v. Berryhill*, 920 F.3d 507, 510 (7th Cir. 2019).  Where substantial evidence supports the ALJ's disability determination, the Court must affirm the decision even if "reasonable minds could differ" on whether Claimant is disabled.  *Id.*

### III. ALJ Decision

The ALJ first determined that Claimant had not engaged in substantial gainful activity since the alleged onset date of March 18, 2019.  [Dkt. 9-2 at 18.]  At step two, the ALJ found that Claimant had the following severe impairments:  "migraines; Meniere's disease; osteoarthritis/degenerative joint disease of the bilateral knees; lumbar degenerative disc disease and scoliosis; and obesity." *Id.*  At step three, the ALJ found that Claimant's impairments did not meet or equal a listed impairment during the relevant time period.  *Id.* at 20. The ALJ then found that, during the relevant time period, Claimant had the residual functional capacity ("RFC") to

> perform medium work as defined in 20 CFR 404.1567(c) except frequent climbing of ramps or stairs; occasional climbing of ladders, ropes, or scaffolds; and frequent balancing, stooping, kneeling, crouching, and crawling.

*Id.*

At step four, the ALJ found that Claimant was able to perform her past relevant work during the relevant time period.  *Id*. at 24.  Accordingly, the ALJ concluded Claimant was not disabled.  *Id.*

3

## IV. Discussion

In her opening brief, Claimant's attorney, Thomas Newlin, sets forth the following in a section entitled "Issues Presented":

Improper Evaluation at Step 2:

The ALJ improperly evaluated Plaintiff's impairments when determining Plaintiff's anxiety and depression as not severe. Ample evidence is suggestive of greater limitations from mood stability than those assessed by the ALJ. This would greatly impact Plaintiff's residual functional capacity.

[Dkt. 13 at 2.] However, Claimant makes no argument in the remainder of the brief related to this issue.[2] "It is not this court's responsibility to research and construct the parties' arguments," *Draper v. Martin*, 664 F.3d 1110, 1114 (7th Cir. 2011), and "[p]erfunctory and undeveloped arguments are waived, as are arguments unsupported by legal authority," *Schaefer v. Universal Scaffolding & Equip., LLC*, 839 F.3d 599, 607 (7th Cir. 2016). Claimants in social security disability cases are subject to waiver the same as plaintiffs in other civil cases. *See, e.g.*, *Krell v. Saul*, 931 F.3d 582, 587 n.1 (7th Cir. 2019) (finding "brief and underdeveloped" argument waived). To the extent Claimant intended to raise an issue regarding her mental impairments, any such argument has been waived.

In the argument section of her brief, Claimant argues that "[t]he ALJ erred, and failed to give adequate weight to treating source opinion per 20 CFR 404.1527." The entire argument in support of this issue is as follows:

---

[2] The Court further notes that Claimant's attorney filed a reply brief in this case that, while it contains the correct caption, appears to relate to a different claimant. [Dkt. 15.] More than two weeks later—past the deadline for the reply brief—Claimant's attorney filed an amended reply brief, without seeking leave of court to do so. [Dkt. 17.] While the Court did consider the belated brief, the amended reply also does not address the step 2 issue in any way.

The decision is an error of law.  An error of law exists when there has been "misinterpretation or misapplication of, or failure to consider, pertinent provisions of, regulations, and binding agency policies" (5 U.S.C. § 552(a)(2)).  "Binding Agency Policies" are "generally available at Social Security rulings, but also may be available in some other form when they have been identified pursuant to 5 U.S.C. § 552(a)(2) as statements of policy and interpretation which have been adopted as binding by the Commissioner of Social Security" (SSR 82-13).  Furthermore, the decision is not supported by substantial evidence, which is, "the amount of evidence which, while it may not be a preponderance, nevertheless is sufficient to convince a reasonable mind of validity of a position taken on an issue" (Id.).

The ALJ determined the State agency opinions obtained on December 4, 2020, and April 15, 2021, to be persuasive (NOD, p. 7 and 8).  However, this first opinion was asserted before the opinion of her treating physician, Dr. Greg Brock, and this second agency opinion is far too disparate from the treating source opinion to be reasonable.  Located at Exhibit 7F, Dr. Brock provides a clearly sedentary RFC, further limited by expected absences of four or more per month due to impairments or treatment.  The State agency examiner at 4A opines lifting and carrying at 50 pounds occasionally with standing and walking at six hours combined (p. 7).  In contrast, the treating source opines no lifting and carrying up to 10 pounds, with combined standing and walking at three hours (7F, p. 6).  The State examiner points to inconsistencies, noting that the treating source opined the ability to carry her purse in the other hand when using a cane, which he deemed inconsistent with the opinion of no lifting or carrying up to 10 pounds.  This inconsistency aside, it is not reasonable to expect a purse to weigh 50 pounds, and there is no logical bridge between the State agency examiner's opinion that Plaintiff could lift and carry 50 pounds with the opinion of Plaintiff's treating source who had her at less than 10.  Neither does the examiner provide an explanation of how Plaintiff could consistently stand and walk for a total of six hours despite the use of a cane, which is noted as often as not throughout the evidence.  **This issue requires remand for further administrative proceedings**.

[Dkt. 13 at 4-5] (emphasis in original).[3]

As an initial matter, as the Commissioner properly notes, the entire premise of Claimant's

argument is incorrect, inasmuch as the regulation she cites to, 20 C.F.R. § 404.1527, applies only

---

[3] Claimant also asserts—without any accompanying analysis or argument—that the ALJ's RFC determination "is not supported, as it does not address the issue of large disparity nor account for the use of a cane" and that the ALJ erred at step 4.  [Dkt. 13 at 5.]  Both of these arguments are dependent on Claimant's argument regarding her treating physician's opinion.

to claims filed before March 27, 2017, and therefore is inapplicable to this case.  Claimant fails to acknowledge the standard set forth in the applicable regulation, 20 C.F.R. § 404.1520c.[4]  Nor does Claimant provide any support for her argument that a state agency consultant's opinion is rendered "unreasonable" solely because it is "far too disparate from the treating source opinion."

Under prior regulations, "[a] treating physician's opinion regarding the nature and severity of a medical condition [was] entitled to controlling weight if it [was] well supported by medical findings and not inconsistent with other substantial evidence in the record."  *Clifford v. Apfel*, 227 F.3d 863, 870 (7th Cir. 2000), *as amended* (Dec. 13, 2000); *see also* 20 C.F.R. § 416.927(c)(2).  However, this so-called "treating physician rule" was eliminated for claims, such as Claimant's, that were filed after March 27, 2017.  20 C.F.R. § 404.1520c(a) ("We will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) . . . including those from your medical sources.").  Thus, in this case, the ALJ was not required to give any special weight to the opinions of Claimant's treating physician.  Rather, under the current standard, an ALJ must evaluate all medical opinions—from treating providers, consultative examiners, and independent medical examiners—on an equal basis for "persuasiveness."  *Id.*  ALJs are instructed to evaluate all medical opinions using factors including whether the opinion is supported by objective medical evidence; the opinion's consistency with other evidence; the professional's relationship with the patient, including the length, frequency, purpose, and extent of treatment; and the professional's specialization.  20 C.F.R. § 404.1520c(c).  In addition, the regulation expressly recognizes that "[a] medical source

---

[4] The Court notes that Claimant also fails to set forth the standard under the outdated regulation that she cites to, simply asserting generally that the ALJ failed to comply with it.

may have a better understanding of your impairment(s) if he or she examines you than if the medical source only reviews evidence in your folder." 20 C.F.R. § 404.1520c(c)(3)(v). After considering the relevant factors, an ALJ must articulate how persuasive he finds each medical opinion in his decision. 20 C.F.R. § 404.1520c(b). The most important factors ALJs will use in determining the persuasiveness of a medical opinion are supportability and consistency. 20 C.F.R. § 404.1520c(b)(2).

In order to carry her burden of demonstrating that the ALJ's weighing of the various medical opinions in the record was erroneous, Claimant needed to acknowledge the applicable standard and explain how the ALJ failed to comply with it. Claimant did not do so. Instead, Claimant simply asks the Court to substitute its judgment for that of the ALJ, which it may not do. *Prill v. Kijakazi*, 23 F.4th 738, 746 (7th Cir. 2022) (citation omitted) ("We are not to 'reweigh the evidence or substitute [our] judgment for that of the ALJ.'")

While there may have been valid arguments regarding errors in the ALJ's decision, any such argument has been waived by Claimant's counsel's failure to properly assert it.[5] Again, "[i]t is not this court's responsibility to research and construct the parties' arguments," *Draper* 664 F.3d at 1114, and "[p]erfunctory and undeveloped arguments are waived, as are arguments

---

[5] Claimant's attorney has been repeatedly admonished by judges of this court that undeveloped arguments are waived. *See David W. S. v. Kijakazi*, 2022 WL 1536889, at *4 (S.D. Ind. May 16, 2022) (Pryor, J.) ("The Undersigned also notes that this warning is not the first time given to Plaintiff's counsel by this Court.") (citing *Nicholas D. v. Saul*, 2019 WL 2635896, at *4 (S.D. Ind. June 26, 2019); *Mary S. v. Saul*, 2019 WL 7583658, at *2 (S.D. Ind. Dec. 26, 2019), *report and recommendation adopted sub nom. Schwartz v. Saul*, 2020 WL 224669 (S.D. Ind. Jan. 15, 2020); *William W. v. Saul*, 2020 WL 5493932, at *9 (S.D. Ind. Mar. 25, 2020); *Herman C. v. Saul*, 2020 WL 5752436, at *7 (S.D. Ind. Sept. 2, 2020), *report and recommendation adopted sub nom. Collins v. Saul*, 2020 WL 5653476 (S.D. Ind. Sept. 22, 2020); Charles A. v. Saul, 2021 WL 2820534, at *2 (S.D. Ind. July 7, 2021); *David M. v. Saul*, 2021 WL 2820532, at *1 (S.D. Ind. July 7, 2021); *Ernie G. v. Kijakazi*, 2022 WL 168348, at *1 (S.D. Ind. Jan. 18, 2022)).

unsupported by legal authority," *Schaefer*, 839 F.3d at 607. The ALJ determined that the state agency consultants' opinions were more persuasive than that of her treating physician, and minimally articulated his reasons for doing so. In the absence of a properly constructed and supported argument by Claimant, there is no basis for remand.

### V. Conclusion

For the reasons stated above, the Commissioner's decision is **AFFIRMED**.

SO ORDERED.

Dated:  6 JAN 2023

Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution:

Service will be made electronically on all
ECF-registered counsel of record via email
generated by the Court's ECF system.